UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, and the
NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS,

                              Petitioners,

     -against-

CLEMENTE BROTHERS CONTRACTING
CORPORATION,

                              Respondent.

**ORDER**

17 Civ. 8600 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, the "Funds"), and the New York City District Council of Carpenters (the "Union") (collectively with the Funds, "Petitioners") filed this Petition seeking to confirm an arbitration award that they obtained against Respondent Clemente Brothers Contracting Corporation pursuant to a collective bargaining agreement and Section 301 of the Labor Management Relations Act ("LMRA"), as

amended, 29 U.S.C. § 185.  Although the Petition was served (Dkt. No. 7), Respondent has neither opposed the Petition nor otherwise appeared in this action.  For the reasons stated below, the Award will be confirmed.

## BACKGROUND

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund are trustees of multiemployer labor-management trust funds.  (Pet. (Dkt. No. 1) ¶ 4)  Petitioners Trustees of the New York City Carpenters Relief and Charity Fund are trustees of a charitable organization.  (Id. ¶ 5)  Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a not-for-profit corporation.  (Id. ¶ 6)  Petitioner New York City District Council of Carpenters is a labor organization certified as the bargaining representative for certain employees of Respondent.  (Id. ¶ 7)  Respondent Clemente Brothers Contracting Corporation is a private company and an employer under the LMRA.  (Id. ¶ 8)

At all relevant times, Respondent and the Union were bound by a collective bargaining agreement ("CBA").  (Id. ¶¶ 9-10; CBA (Dkt. No 1-1); Interim Compliance Agreement (Dkt. No. 1-2))  The CBA requires Respondent to contribute to the Funds based on the number of hours that employees worked.  (Pet. (Dkt. No. 1) ¶ 11; CBA (Dkt. No. 1-1) Art. XI § 1)[1]

The CBA also requires Respondent to furnish its books and records to the Funds upon request to allow the Funds to ensure that Respondent is making the required contributions.  (Pet. (Dkt. No. 1) ¶ 12; CBA (Dkt. No. 1-1) Art. XI § 7)  Petitioners' audit for the period

---

[1] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

between October 1, 2010 and June 30, 2011 showed that Respondent had not remitted all required contributions to the Funds. (Pet. (Dkt. No. 1) ¶ 15)

> The CBA provides that
>
> [s]hould any dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator. . . . The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to award appropriate damages. The arbitrator's award in this regard shall be final and binding upon the parties . . . and shall be wholly enforceable in any court of competent jurisdiction. The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

(CBA (Dkt. No 1-1) Art. XI § 11)

Pursuant to the CBA, Respondent is bound by the Funds' Collection Policy. (Pet. (Dkt. No. 1) ¶ 13; CBA (Dkt. No. 1-1) Art. XI § 2; Funds' Collection Policy (Dkt. No. 1-3)) The CBA and the Collection Policy provide that the Funds may obtain the following relief in any arbitration or lawsuit for unpaid contributions: (1) the sum of unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies. (CBA (Dkt. No. 1-1) Art. XI § 6; Funds' Collection Policy (Dkt. No. 1-3) § V) The Collection Policy specifies that attorneys' fees "shall be assessed against a delinquent employer[] at the same hourly rate charged to the Funds for such services[.]" (Funds Collection Policy (Dkt. No. 1-3) § V(5))

On May 16, 2017, Petitioners initiated arbitration and sent a Notice of Hearing to Respondent. (Pet. (Dkt. No. 1) ¶ 16; Notice of Arbitration Hearing (Dkt. No. 1-4)) The arbitral hearing took place on September 7, 2017. (Pet. (Dkt. No. 1) ¶ 17; Award (Dkt. No. 1-5) at 1) Respondent did not appear for the hearing. (Award (Dkt. No. 1-5) at 1-2) At the hearing, Petitioners provided "uncontroverted testimony and evidence" that the applicable CBA requires

3

Respondent to make certain contributions to the Funds and to allow Petitioners to audit Respondent's books and records to ensure that Respondent is making those contributions. (Id. at 2) The testimony of Petitioner's auditor established that Respondent had not made the required contributions for the period between October 1, 2010 and June 30, 2011. (Id.) In a September 11, 2017 award (the "Award"), the arbitrator determined that Respondent owed Petitioners a total of $42,953.87, which includes $19,257.17 in delinquent contributions, $9,691.89 in interest, $8,080.98 in liquidated damages, $1,747.65 in late payment interest, $241.68 for a promotional fund fee, $400 in court costs, $1,500 in attorney's fees, $500 in arbitrator's fees, and $1,534.50 in audit costs, with interest to accrue at 5.75% from the date of the award.[2] (Id. at 3)

On November 7, 2017, Petitioners filed the Petition, which seeks confirmation of the Award, attorneys' fees and costs arising out of this action, and post-judgment interest. (Pet. (Dkt. No. 1) at 6) Since then, Respondent has not paid any portion of the award. (Id. ¶ 20) Respondent has likewise not responded to the Petition, nor has it appeared in this action.

## DISCUSSION

### I. APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great deference." Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached'

---

[2] The interest rate is the prime lending rate of Citibank plus 2 percent. (Collection Policy (Dkt. No. 1-3) § V(1))

by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair, 462 F.3d at 109-110 (citation omitted). Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks omitted)).

## II. ANALYSIS

Here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact that precludes granting them summary judgment as to all portions of the Award. Before issuing the Award, the arbitrator considered the testimony and evidence presented at the hearing. (See Award (Dkt. No. 1-5) at 2) The arbitrator evaluated the relevant provisions of the CBA and the testimony of the auditor who reviewed Respondent's books and records. (Id.) The arbitrator determined, "[u]pon the substantial and credible evidence of the case as a whole," that Respondent was "delinquent" in monies due under the CBA and was "obligated to pay delinquency assessment and interest on its delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the undersigned Arbitrator, Court Costs, Audit Cost, and Promotional Fund Fee and Non-Audit Late Payment Interest all in accordance with the terms and

provisions of the Collective Bargaining Agreement." (Id. at 2-3)  As noted above, the arbitrator determined that the total amount Respondent owes is $42,953.87, with interest to accrue at 5.75% from the date of the award.  (Id. at 3)

The Award was within the powers granted to the arbitrator in the CBA, which states that in the event that a "dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator."  (CBA (Dkt. No 1-1) Art. XI § 11)  The CBA further states that the "arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to award appropriate damages."  (Id.)  The arbitrator's award is consistent with the CBA's provisions.

"[C]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that . . . the decision rests on factual errors or misinterprets the parties' agreements."  N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted).  Here, of course, Respondent has made no such allegation.

A court "may vacate an arbitration award in four specific situations":

> "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no

evidence that the arbitration's decision was unlawful, arbitrary, or in excess of the arbitrator's powers. Accordingly, this Court grants the unopposed Petition to confirm all aspects of the Award.

### III.     ATTORNEYS' FEES

Petitioners' request for attorneys' fees arising out of this action is also granted. "[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Abondolo v. H. & M.S. Meat Corp., No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4-5 (S.D.N.Y. May 12, 2008) (collecting cases). Under the CBA, Petitioners are entitled to reasonable attorneys' fees and costs in a court action to collect delinquent funds. (CBA (Dkt. No 1-1) Art. XI(6)) The Funds' Collection Policy specifies that attorney fee awards are to be assessed at the same rate that the Funds pay their counsel for legal services. (Funds' Collection Policy (Dkt. No. 1-3) at 8) The hourly rates sought by Petitioners here correspond with the rates that the Funds themselves pay for legal services (Pet. (Dkt. No. 1) ¶ 28), and the requested fees and costs are otherwise reasonable. See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Concrete Bros. Constr. LLC, No. 20-CV-2196 (JGK), 2020 WL 3578200, at *4 (S.D.N.Y. July 1, 2020) (awarding $350 hourly to partner at Virginia & Ambinder, LLP ("V&A") and $120 per hour for legal assistants); Trustees of New York City Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp., No. 19-CV-5411 (ALC), 2020 WL 614740, at *3 (S.D.N.Y. Feb. 10, 2020) (awarding $275 per hour for V&A associates).

## IV.     POST-JUDGMENT INTEREST

Petitioners' request for post-judgment interest at the statutory rate (Pet. Br. (Dkt. No. 5) at 7-8) is also granted.  "28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court."  Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp., No. 19-CV-01052 (RA), 2019 WL 4412705, at *4 (S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment interest) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)).  "'[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'"  Id. (quoting 28 U.S.C. § 1961(a)).

## CONCLUSION

For the reasons stated above, the Petition to confirm the arbitration award (Dkt. No. 1) is granted.  The Clerk of Court is directed to enter judgment confirming the arbitration award in the amount of $42,953.87, with interest accruing at 5.75 percent as of September 11, 2017, until entry of judgment.  The Clerk is also directed to include in the judgment $1,245 in attorneys' fees and $75 in costs.  Post-judgment interest on the entire amount will accrue from the date of the judgment at the rate provided by 28 U.S.C. § 1961(a).  The Clerk of Court is further directed to close this case.

Dated: New York, New York
       August 23, 2020

SO ORDERED.

*Paul S. Gardephe*

Paul G. Gardephe
United States District Judge